# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARAT ALISHEROVICH USMANOV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-00800-JD |
| | ) | |
| JOSHUA JOHNSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Petitioner's Motion for Recusal of a District Judge Pursuant to 28 U.S.C. § 455 and Reassignment ("Motion") [Doc. No. 7], to which Respondents filed a response in opposition ("Response") [Doc. No. 11]. For the reasons stated below, the Court denies the Motion.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 14, 2026, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition" or "Pet."), in which he challenges his continued detention by immigration officials and seeks release or, alternatively, a bond hearing under 8 U.S.C. § 1226(a). Pet. [Doc. No. 1]. Petitioner is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma. Pet. ¶ 8.[1] He alleges that he is a citizen of Uzbekistan and has been in immigration detention since April 8, 2026. Pet. ¶ 15. Additionally, he alleges that ICE did not set a bond after he was taken into custody, nor did he apply for an

---

[1] *See also* United States Immigration and Customs Enforcement ("ICE") Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last accessed June 14, 2026).

immigration bond from an immigration judge. *Id.* ¶¶ 15, 45. He further alleges that he has an asylum application pending with the immigration court. *Id.* ¶ 43. The United States Department of Justice Executive Office for Immigration Review ("EOIR") shows his next master hearing is scheduled for June 29, 2026, before Judge Matthew S. Johnson, with the court address showing as the Aurora Immigration Court in Aurora, Colorado. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last accessed June 14, 2026). Respondents have filed a response in opposition to the Petition, asking the Court to deny the Petition and dismiss the case. [Doc. No. 6].

On May 5, 2026, Petitioner filed the instant Motion under 28 U.S.C. § 455(a). Motion at 2–3, 5, 7–8.[2] Petitioner asserts that recusal is necessary because Judge Dishman's husband, Charles Brent Dishman, served as a temporary immigration judge within the EOIR, thereby creating an appearance that the judge's impartiality could reasonably be questioned in light of her husband's participation in the "same adjudicatory system implicated by" this action. *Id.* at 2. Petitioner also contends that the appearance of partiality persists even if Judge Dishman's husband is not presently serving as an immigration judge. *Id.* Petitioner argues that, because temporary immigration judge appointments are subject to reassignment or recall, a reasonable observer could perceive Judge Dishman's spouse as maintaining an ongoing relationship with the EOIR. *Id.* at 2–3. In Petitioner's view, that continuing association could cause a reasonable person to question the Court's impartiality in a case involving immigration detention and

---

[2] The Court uses CM/ECF page numbering from the top of the district court docket filings in this Order.

enforcement. *Id.* at 3.

In response, Respondents contend that there is no factual basis justifying recusal. Response at 7. Although Judge Dishman's husband "previously served as an immigration judge" within the EOIR, Respondents argue that Petitioner never appeared before him, nor did he make any rulings in Petitioner's case. *Id.* at 5. Moreover, Petitioner's immigration proceedings were in a different immigration court than from the one where Judge Dishman's husband temporarily heard cases. *Id.* Finally, Respondents argue that recusal is not required simply because a relative was or is involved in other litigation concerning the same general subject matter. *Id.* at 6.

The Court provides the following additional background regarding her husband's service as a temporary immigration judge. Her husband was appointed as a temporary immigration judge to begin hearing cases in October 2025. [Doc. No. 7-2 at 7]. As a Colonel in the United States Air Force Reserve, Mr. Dishman was on military orders and temporarily detailed as an immigration judge for six months. He heard his last immigration case on March 24, 2026. When he was on orders and temporarily detailed as an immigration judge, he was assigned to the LaSalle Detention Center in Louisiana,[3] where he heard claims for asylum, withholding removal, cancellation of removal, and

---

[3] Although EOIR's notice of October 24, 2025, indicates C. Brent Dishman was assigned to the Fort Worth Immigration Adjudication Center, [*see* Doc. No. 7-2 at 7], it is the undersigned's understanding that the Fort Worth Immigration Adjudication Center operates as a remote or virtual immigration court and that her husband was associated with the LaSalle Detention Center in Louisiana. As noted above, Petitioner's case is assigned to the Aurora Immigration Court in Aurora, Colorado, and there is no evidence of record that Petitioner was seen or had any proceedings before the LaSalle Detention Center or before the undersigned's husband.

claims under the Convention Against Torture. He did not conduct bond hearings.

During the duration of her husband's temporary assignment, Judge Dishman, out of an abundance of caution, disclosed in § 2241 immigration cases that her husband was serving on military orders as a temporary immigration judge. The Court further afforded the parties an opportunity to seek recusal and reassignment to another district judge. Upon the conclusion of her husband's temporary service as an immigration judge, the undersigned discontinued that practice. While military reservists are generally subject to recall, the undersigned is aware of no basis to believe that her spouse will be recalled to temporary immigration judge service, and any such possibility is purely speculative. If a recall were to occur, the undersigned would resume the disclosure procedures previously implemented during her husband's assignment.

## II.    LEGAL STANDARDS

Petitioner seeks disqualification of the undersigned judge under 28 U.S.C. § 455(a). Section 455(a) requires disqualification of "[a]ny justice, judge, or magistrate judge of the United States . . . in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under § 455(a), what "'matters is not the reality of bias or prejudice but its appearance.'" *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1239 (10th Cir. 2020) (quoting *Liteky v. United States*, 510 U.S. 540, 548 (1994)). Therefore, the "'test under § 455(a) is not whether the judge believes he or she is capable of impartiality,'" but rather "whether a reasonable person, fully informed of the relevant facts, would 'question the judge's impartiality.'" *Barnett*, 956 F.3d at 1239 (quoting *Burke v. Regalado*, 935 F.3d 960, 1054 (10th Cir.

4

2019)). "Section 455 establishes 'an objective standard.'" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)); *see also United States v. Martinez*, 92 F.4th 1213, 1257–58 (10th Cir. 2024) (explaining that "the focus of the analysis is on whether a reasonable person, knowing all the circumstances would expect that the judge would have actual knowledge of the facts that would necessitate his recusal" (citation modified)).

The Tenth Circuit reviews for abuse of discretion the denial of a motion to disqualify a trial judge based on the appearance of partiality under § 455(a). *Barnett*, 956 F.3d at 1239 (citing *Burke*, 935 F.3d at 1052). Importantly, judges have "'a strong duty to sit,' and § 455 must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *Wells*, 873 F.3d at 1251).

### III.  ANALYSIS

The party moving to disqualify a judge has the burden of proof. *Burke*, 935 F.3d at 1054. The Tenth Circuit has indicated this is a "heavy burden." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (concluding that the movant had not "carried his heavy burden of showing the requisite judicial bias or misconduct"). "Relevant facts must support the moving party's belief that the judge is biased." *Burke*, 935 F.3d at 1054. "'Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters'" are not sufficient to necessitate a § 455(a) recusal. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). Here, the relevant facts do not justify recusal,

and Petitioner has not met his heavy burden to show actual bias or prejudice or the reasonable appearance of bias or prejudice. Petitioner's assertion that Judge Dishman may be unable to remain entirely neutral because of her spouse's prior service amounts to speculation, which is insufficient to warrant recusal.

Petitioner contends that a reasonable person fully informed of the facts would question whether Judge Dishman can remain neutral when adjudicating issues that are closely related to the work previously performed by her spouse. Motion at 8. He contends that there is a "direct intersection between the legal issues before the Court and the adjudicatory responsibilities of the Judge's spouse," and that "recusal is necessary to preserve public confidence in the fairness and integrity of the judicial process." *Id.* Petitioner, however, presents no evidence that his immigration proceedings were ever assigned to, heard by, or otherwise connected to the undersigned judge's spouse. Nor does Petitioner identify any involvement by Charles Brent Dishman in matters related to Petitioner's detention, bond eligibility, or underlying immigration case. Judge Dishman's husband's temporary appointment lasted only six months and has since concluded. In fact, it concluded before Petitioner filed this action. The mere overlap between the general subject matter of this habeas action and Mr. Dishman's former professional duties is insufficient to warrant recusal.

Recusal is not required simply because a relative was or is involved in other litigation concerning the same general subject matter. *See, e.g.*, *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302–03 (2000) (Rehnquist, J., statement) (declining to recuse from a Microsoft antitrust case under § 455(a) or § 455(b)(5)(iii) where his son

represented Microsoft in other antitrust matters that were potentially affected by the case's outcome); *United States v. Wells*, 873 F.3d 1241, 1252–53 (10th Cir. 2017) (concluding that recusal was not required where the defendants argued that a reasonable observer would question the trial judge's impartiality based on his friendship with the legal director of a nonprofit organization that opposed the defendants' conduct and had some involvement in the events underlying the prosecution);[4] *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 776–77 (10th Cir. 2011) (explaining no recusal was required where the judge's spouse was of counsel to a law firm that had done unrelated work for litigant and spouse had not worked for litigant); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1241 (10th Cir. 2020) (explaining that where the judge's spouse made a financial donation to Tulsa University, and Tulsa University was one of the defendants in the plaintiff's civil rights action, this fact without more would not cause "a reasonable person to question the judge's impartiality").

In *Barnett*, the Tenth Circuit explained that three features of the spouse's contribution compelled the conclusion that the district judge had properly rejected the plaintiff's motion for recusal—the third of which is applicable to this case. 956 F.3d at 1240. The Circuit stated that "the contribution was distinctly made by the judge's spouse, not the judge himself," and that the "enthusiasm was that of the spouse and should not be

---

[4] Although the trial judge in *Wells* later recused before the defendants' sentencing, the Tenth Circuit concluded that the defendants failed to establish an objectively reasonable basis to question the judge's impartiality under § 455(a). *Wells*, 873 F.3d at 1253. Arguably, the connection here—a spouse's former six-month temporary service as an immigration judge in unrelated matters outside of this District and Circuit—is even more attenuated than the relationship and facts at issue in *Wells*.

attributed to the judge." *Id.* at 1241. The Circuit further explained that "[i]n present-day society, we do not treat a married couple as single-minded on public issues." *Id.* Thus, the Circuit recognized that a spouse's activities, views, or associations cannot automatically be imputed to the judge. *Barnett* teaches that the professional activities of a judge's spouse do not, without more, establish that the judge shares the spouse's views, affiliations, or perspectives. A reasonable, fully informed observer would understand that judges decide cases based on the law and record before them, not on the prior employment or service of their spouses. To conclude otherwise would improperly assume that spouses necessarily think alike or that one spouse's professional role dictates the other's judicial decision-making—an assumption the Tenth Circuit has expressly rejected.

Moreover, "[a] judge should not recuse [herself] on unsupported, irrational, or highly tenuous speculation." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987); *cf. Wells*, 873 F.3d at 1251 (explaining that when conducting a review under § 455(a), courts "ask how these facts would appear to a well-informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person" (citation modified)). Petitioner's assertions are nothing more than pure speculation. The undersigned takes her ethical responsibilities very seriously. If the undersigned is aware of something that would reasonably call her impartiality into question under 28 U.S.C. § 455(a), she discloses it to the parties. That has been her practice and will continue to be her practice going forward.

A reasonable person apprised of all relevant facts would understand that immigration judges routinely adjudicate a broad range of immigration matters involving numerous noncitizens and that a spouse's completed temporary service, without any demonstrated connection to Petitioner or this habeas case, does not create an appearance that the Court cannot fairly decide the legal issues presented. Petitioner identifies no facts suggesting that Judge Dishman's husband participated in any proceeding involving Petitioner or maintains any continuing role in the adjudication of immigration matters. Petitioner identifies no facts suggesting a reasonable observer would view Judge Dishman as possessing knowledge of disputed facts or issues or having any interest that could be substantially affected by the outcome of this case. Consequently, no objectively reasonable basis for recusal exists.

Additionally, § 455(a) "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). To the extent that Petitioner's Motion is based on Petitioner's disagreement with the Court's prior rulings in immigration-related habeas proceedings, such argument provides no basis for disqualification or recusal.[5] Adverse rulings, standing alone, "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Cooley*, 1 F.3d at 993–94 (explaining that "prior rulings in the proceeding, or another proceeding, solely because they are

---

[5] Petitioner filed his Motion after Respondents filed their response in opposition to his Petition, in which Respondents urged the Court to decide this action "in similar fashion" as it did in *Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *2 (W.D. Okla. Dec. 26, 2025). [*See* Doc. Nos. 6 and 7].

adverse" do "not ordinarily satisfy the requirements for disqualification under § 455(a)"). A motion to recuse may not be used as an end run around prior judicial decisions with which a litigant disagrees.

In summary, Petitioner has not shown actual bias or prejudice or the reasonable appearance of bias or prejudice. The Court will continue to adjudicate this matter in accordance with the applicable law and the record before it, as it does in every case. Nothing identified by Petitioner would cause an objective observer to conclude otherwise.

## IV.    <u>CONCLUSION</u>

Based on the foregoing reasons, the Court denies Petitioner's Motion for Recusal of a District Judge Pursuant to 28 U.S.C. § 455 and Reassignment [Doc. No. 7].

IT IS SO ORDERED this 15th day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE